IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 23-CR-281(CJN) |
| | ) | |
| DAVID DAVIS, | ) | Judge: Nichols |
| | ) | |
| Defendant. | ) | |

**OPPOSED MOTION TO CONTINUE TRIAL AND VACATE PENDING DEADLINES**

Defendant, David Davis, respectfully moves this Court to vacate all pending deadlines and to continue the bench trial and pre-trial conference scheduled to begin on January 6, 2025, until February of 2025. In support of this request, Mr. Davis states the following:

1. Mr. Davis is currently charged with Count Two - Entering or Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1)), Count Three – Disorderly and Disruptive Conduct in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(2)), Count Four – Disorderly Conduct in a Capital Building (40 U.S.C. § 5104(e)(2)(D)), and Count Five – Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G)). (Doc. 15). His only felony charge was dismissed by the Court on September 19, 2024, pursuant to the government's Unopposed Motion to Dismiss Count 1 (18 U.S.C. § 1512(c)(2) and 2). (Doc. 57).

2. The case is currently set for a bench trial that is scheduled to begin on January 7, 2025. A pre-trial conference is scheduled for January 6, 2025. The Joint Pretrial Statement is due on or before December 11, 2024. (Doc. 59).

3. Mr. Davis is out of custody subject to conditions of pretrial release. He remains in compliance with his conditions.

1

4. On November 5, 2024, Donald J. Trump won the 2024 Presidential Election.

5. On Friday, November 8, 2024, the United States Department of Justice Special Counsel Jack Smith filed an unopposed motion to "Vacate Briefing Schedule" in the matter of *United States v. Trump*, 23-cr-00257 (TSC). In doing so, the Department of Justice has acknowledged that the results of the November 5 election resulted in an "unprecedented circumstance" that constitutes grounds for pausing an ongoing criminal prosecution of a defendant in connection with the events of January 6, 2021. The Department of Justice should, in the interest of justice, adopt the same position here that it took in *United States v. Trump*: that the unique circumstances resulting from the presidential election's outcome necessitate pausing the proceedings.

6. On March 11, 2024, Mr. Trump declared: "My first acts as your next President will be to . . . Free the January 6 Hostages being wrongfully imprisoned!"[1] On April 30, 2024, TIME Magazine asked Mr. Trump "whether he would consider pardoning every one of them." Mr. Trump responded, "Yes, absolutely."[2] Mr. Trump repeated his promise during a town hall on May 8, 2024, vowing to pardon "a large portion of them" and clarifying, "it'll be very early on."[3]

7. President-Elect Donald Trump has consistently stated on multiple occasions throughout his 2024 presidential campaign that, if elected, he intends to issue pardons, sentence commutations, order the dismissal of pending cases, and bring an end to the Department of Justice's prosecution of defendants charged in connection with the events of January 6, 2021.

---

[1] Donald J. Trump (@realDonaldTrump), TRUTH SOCIAL, (Mar. 11, 2024), https://truthsocial.com/ @realDonaldTrump/112079753989223875.
[2] Eric Cortellessa, *How Far Trump Would Go*, TIME (April 30, 2024, 7:00 AM), https://time.com/6972021/ donald-trump-2024-election-interview/.
[3] Transcript, Town Hall with former President Donald Trump, CNN (May 11, 2023), https://www.cnn.com/2023 /05/11/politics/transcript-cnn-town-hall-trump/index.html

8.      A continuance would serve the interests of judicial economy by conserving the resources of the Court, the Government, the Office of the Federal Public Defender, and Mr. Davis. Proceeding now will likely lead to an unnecessary expenditure of time, effort, and expense. Postponing proceedings ensures that neither the Court, nor the litigants waste resources on actions which may soon become moot given the substantial likelihood that President-Elect Trump will fulfill his repeated campaign promise to pardon defendants like Mr. Davis.

9.      A continuance would also serve the interests of justice and judicial economy, as the incoming administration and Congress[4] have indicated plans to investigate and review prosecutions involving President-Elect Trump and his supporters. These inquiries have the potential to uncover exculpatory evidence relevant to Mr. Davis's defense. Granting a continuance in the interest of justice prevents the risk of depriving Mr. Davis of this evidence and avoids the potential waste of judicial resources associated with any potential appeals or a retrial that could result.

10.     The American people have a strong interest in the fair administration of justice. On November 5, 2024, voters re-elected Donald J. Trump, signaling their desire for him to fulfill a central campaign promise to end the January 6 prosecutions and pardon defendants like Mr. Davis. Continuing this matter until the next administration takes office is consistent with the interests of justice and reflects the will of the people.

11.     Granting the requested continuance would be consistent with this Court's ruling in other January 6 cases such as *United States v. Lang*, 21-cr-53 (CJN), and with Judge Contreras's

---

[4] *See* "Preservation of Records" Letter from Sen. Charles E. Grassley & Sen. Ron Johnson to Merrick Garland, Att'y Gen., Christopher Wray, Dir., FBI, & Jack Smith, Special Counsel (Nov. 12, 2024), https://www.grassley.senate.gov/imo/media/doc/grassley_johnson_to_doj_-_preservation_of_records.pdf.

3

ruling in *United States v. Pope*, 21-cr-128 (RC). Though both of those cases involved the continuance of a jury trial, a multi-day bench trial still utilized a significant number of judicial resources. Further, concerns about whether Mr. Davis's case would make it to sentencing are still present, maybe even more so considering his remaining charges are all misdemeanors. A short continuance removes any such speculations while conserving valuable judicial resources.

12. Defense counsel has spoken with Assistant United States Attorney Patrick Holvey concerning this motion and would state the government opposes Mr. Davis's request.

WHEREFORE, Mr. Davis respectfully requests the Court vacate all pending deadlines and continue the bench trial and pre-trial conference scheduled to begin on January 6, 2025, until February of 2025.

Respectfully submitted,

s/ *J.P. Hill*
J.P. HILL, OBA No. 31085
ASSISTANT FEDERAL PUBLIC DEFENDER
OFFICE OF THE FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF OKLAHOMA
215 Dean A. McGee, Suite 109
Oklahoma City, OK 73102
Telephone: 405-609-5941
jp_hill@fd.org
Counsel for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that on November 21, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Patrick Holvey and Mindy Deranek, Assistant United States Attorneys.

s/ *J.P. Hill*
J.P. HILL